GOODRICH RUBBER CO., RESPONDENT, *v.* HELENA MOTOR CAR CO. ET AL., DEFENDANTS; FREYLER, APPELLANT.

(No. 3,764.)

(Submitted April 19, 1917.  Decided May 19, 1917.)

[165 Pac. 455.]

*Corporations—Directors—Method of Resignation—Statutes.*

1. *Held,* that an informal written notice delivered to the president of a corporation by one of its directors, to the effect that the writer thereby resigned his office as such, was sufficient, the method prescribed by section 3852, Revised Codes, in this behalf, being permissive—not exclusive.

[As to resignation of officers of corporations, see note in 95 Am. St. Rep. 578.]

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

Action by the B. F. Goodrich Rubber Company against the Helena Motor Car Company and others. From a judgment for plaintiff, defendant Herman A. Freyler appeals. Reversed and remanded.

*Mr. A. P. Heywood,* for Appellant, submitted a brief and argued the cause orally.

Can a director of a corporation resign in the usual way, or are the provisions of section 3852 of the Revised Codes exclusive? An examination of the authorities discloses that the resignation of appellant, placed in the hands of the president of the corporation was sufficient to relieve him of liability as such director, unless it was incumbent on him to comply with the provisions of section 3852, as contended by counsel. (3 Thompson on Corporations, secs. 3886, 4358 and cases cited.) A director may resign as such at the time without the consent of the corporation. (*Briggs* v. *Spaulding,* 141 U. S. 132, 35 L. Ed. 662, 11 Sup. Ct. Rep. 924.) What necessity exists in Montana for the adoption of the construction contended for by counsel for respondent,—a construction which would mean the overturning of the methods of doing business by corporations, and the manner of effecting resignations of director, which have existed throughout the United States, as well as in foreign lands, for all time?

Counsel's contention is not supported by the letter of the law,— much less by its spirit. But, if so, the rule of construction is: "When the object and desire of a statute are manifest, and to construe it literally would be to impute to the legislature an unjust and unreasonable intent, its letter must yield to its spirit." (*Murray* v. *New York Cent. R. Co.,* 43 N. Y. (4 Keys) 274, 3 Abb. Dec. 339; *United States* v. *Claflin,* 97 U. S. 546, 24 L. Ed. 1082.) "The true meaning is to be found not merely from the words of the Act, but from the cause and necessity of its being made, from a comparison of its several parts, and from extraneous circumstances." (*Hawkins* v. *Gathercole,* 6 De Gex, M. & G. 1, 24 L. J. (Ch.), N. S. 332; *Cincinnati Gaslight &*

*Coke Co.* v. *Avondale,* 1 West Rep. 94, 43 Ohio St. 257, 1 N. E. 527.)

*Messrs. Wight & Pew,* for Respondent, submitted a brief; *Mr. Chas. E. Pew* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

On October 11, 1913, Herman A. Freyler, R. A. De Witt and Claud Robinson became directors of the corporation, Helena Motor Car Company. Freyler continued to act as such director until December 1, 1913, at which time he entered into a contract [1] for the sale of all his stock in the company and delivered to its president the following writing:

"Helena, Montana, Dec. 1, 1913.
"Board of Directors of Helena Motor Car Co., City—

"Gentlemen: I hereby tender my resignation as secretary and a director of the Helena Motor Car Company, the same to take effect at once.            Yours truly,

"HERMAN A. FREYLER."

Thereafter, and on January 31, 1914, the company became indebted to the respondent in the sum of $173.57, which upon demand it failed to pay, whereupon the respondent brought this action against the company, Freyler, De Witt and Robinson— joining the latter three because as directors they had failed to file the annual statement required by law and due on January 20, 1914. Freyler resisted the suit, but judgment was entered against him according to the complaint, and from that judgment he prosecutes this appeal.

The contention of the appellant was and is that by virtue of his resignation he had ceased to be a director of the company before the duty to file the annual statement accrued, and therefore cannot be held to answer for the failure in that respect; while the respondent insists that the writing above quoted was ineffective, under section 3852 of the Revised Codes, and therefore Freyler is responsible. The section referred to provides: "Any director, trustee or other officer of a corporation

may resign his office by delivering to the secretary or president of the corporation, or depositing in the postoffice,  *  *  * addressed to the corporation, at its principal place of business, his written resignation, and filing in the office of the clerk and recorder of the county where the principal office or place of business of the said corporation is situated, a duplicate of the said resignation, together with an affidavit of the delivery or mailing of said resignation, as above specified, or an acknowledgment of service thereof and by publishing in two consecutive issues of the official paper of the county where said company may be doing business, a notice of said resignation, and the director, trustee, or other officer shall upon such filing and publication no longer be responsible for any act or default of the corporation, or of the other officers thereof, occurring after the date of said filing: Provided, however, that any director, trustee, or other officer, shall also comply with the by-laws of the corporation relating to resignations of directors or officers. This act shall apply to resident directors of foreign corporations having a place or places of business in this state, as well as to directors and other officers of domestic corporations.''

The corporation had no by-laws on the subject, and it is conceded that Freyler did nothing more than to deliver the writing above mentioned to its president and thereafter to refrain from acting as an officer or director of the company.   At the common law, however, this would have sufficed (3 Thompson on Corporations, secs. 3886, 4358; *Briggs* v. *Spaulding*, 141 U. S. 132, 35 L. Ed. 662, 11 Sup. Ct. Rep. 924), and therefore was sufficient here, unless the section just quoted prescribes an exclusive method for resigning a directorship.   We do not believe that such is its effect.   Its language does not clearly indicate an intention to prescribe an exclusive method, but rather indicates a mode which is permissive, designed primarily for cases where the ordinary method may not be available or where positive proof of the resignation may be desired.   The section forms no part of the law imposing the duty of filing annual statements (Chapter 63, Tenth Session Laws), and there is no special

reason to believe that its provisions were enacted for the benefit of creditors. Counsel for respondent suggests that: "It prevents a man of great financial prominence, who has become a director in a corporation, from secretly resigning, and permitting creditors to make contracts with the corporation upon the strength of his supposed connection therewith, and using his previous secret resignation as a shield from liability." But we do not understand that directors are personally liable at all events for the debts of the corporation, or that the creditors deal with a corporation upon the contingent liability of its directors, effective only in case the latter fail to see that annual statements are filed. Least of all can creditors be especially concerned in the mode by which someone, on whose responsibility they could not have relied, has severed his relations with the corporation before their debt accrued or the annual statement was due.

In our opinion, the resignation of the appellant Freyler from the board of directors of the Helena Motor Car Company was sufficient. He had ceased to be a director of the company before the debt evidenced by this judgment was incurred and before the annual statement was due. Failure to file that statement, or cause it to be filed, is therefore not a wrong which can be imputed to him; and as this is the only ground on which the claim of his liability is based, it follows that the right result was not reached in this case.

The judgment appealed from is reversed and the cause is remanded, with directions to enter judgment for the appellant.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.